UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY WOLCHESKY, | Civil Action No. 15-1721 |
| Plaintiff, | |
| v. | OPINION |
| WILLIAM BECKENSTEIN, et al., | |
| Defendants. | |

**WOLFSON, United States District Judge:**

### I. INTRODUCTION

Plaintiff, currently confined at the Monmouth County Correctional Institution, brings this civil rights action, pursuant to 42 U.S.C. § 1983 arising from his arrest on January 13, 2015 pursuant to a warrant. Plaintiff contends that he was arrested without probable cause and in retaliation for his protected speech, legal problems, and intrinsic characteristics and has sued Defendants for their respective roles in issuing the warrant and setting Plaintiff's bail. For the reasons expressed in this opinion, Plaintiff's claims against the unidentified judge who issued the warrant and against Judge Sonnenblick are dismissed with prejudice. Plaintiff's remaining claims against William Beckenstein are dismissed without prejudice.

### II. FACTUAL BACKGROUND

Plaintiff, a pretrial detainee presently confined at Monmouth County Correctional Facility, filed the instant Complaint on March 9, 2015. Plaintiff's Complaint is cryptic and only vaguely alludes to the criminal charges that give rise to his Section 1983 claims. Plaintiff's handwritten Complaint indicates that a warrant was issued in Freehold (the "Freehold warrant") on January 13, 2015 for two violations of N.J.S.A. 2C:12–3b, the statutory provision for making

1

terroristic threats, but Plaintiff has crossed out the references to the statutory provision in his Complaint (*see id.* at 7-8.), making it unclear whether he was arrested for making terroristic threats or for some other offense.

Plaintiff has sued three Defendants for their respective roles in issuing the arrest warrant and setting his bail. Plaintiff has sued William Beckenstein, an investigator at Monmouth County Correctional Facility who initially signed the warrant. Plaintiff alleges that there was no probable cause for seeking the warrant and that Beckenstein sought to obtain the warrant "because of [Plaintiff's] speech and . . . legal circumstances and . . . inherent traits." (*Id.* at 4.) Plaintiff also states in his Complaint that Beckenstein "filed a criminal complaint/warrant to effect (sic) another criminal case that concerned [Plaintiff] . . . ." (*Id.* at 9-10.) He additionally contends in his Complaint that "William Beckenstein had filed a criminal complaint do [sic] to the plaintiff [sic] intrinsic traits not equally protecting Gary Wolchesky's legal rights. . . ." Plaintiff has also sued the judge who signed the warrant because the acts for which Plaintiff was charged did not occur and because the warrant itself allegedly did not provide the facts to indicate that each element of the alleged offense had occurred." (*Id.* at 7-8.) It appears that Plaintiff has not identified the judge who signed the warrant because the signature on the warrant is illegible. (*See id.* at 7.) Finally, Plaintiff has sued "Nicole Sonnerblick, J.M.L." [sic] for allegedly setting his bail too high and for setting bail for criminal offenses that did not occur, as well as for violating his "protected speech." (*Id.* at 8-9.) With respect to the Judge, Plaintiff alleges that Judge Sonnenblick "set a bail amount at [ten times] the recommended maximum by not providing a 10% option. . . ." (*Id.* at 8.) Although Plaintiff indicates that Defendant

Sonnenblick's place of employment is "unknown" (*Id.* at 5.), the Freehold Municipal Court webpage lists Nicole Sonnenblick, J.M.C. as a Municipal Court Judge for the municipality.[1]

### III.   ANALYSIS

#### a.  Standard for *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "[a] pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Twombly,* 550 U.S. at 557).  For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler v. UPMS Shadyside*, 578

---

[1] *See* http://twp.freehold.nj.us/municipal-court1.

F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).   The Third Circuit summarized the pleading requirement post-*Twombly* as follows:

> The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element.'

 *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556) (internal citations and quotations omitted).

In determining the sufficiency of a pro se complaint, the Court must also be mindful to construe it liberally in favor of the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 2200 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  *Id.*  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### b. Plaintiff's Section 1983 Claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### i. Plaintiff's Claims Against Defendant Beckenstein Fail Under *Iqbal*

This Court construes Plaintiff's allegations against Defendant Beckenstein as an attempt to assert § 1983 claims for false arrest and retaliation.[2] "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d

---

[2] Plaintiff does not indicate whether he has been prosecuted for the offenses described in the arrest warrant. Thus, the Court cannot discern whether Plaintiff is also attempting to state claims for malicious prosecution and retaliatory prosecution against Defendant Beckenstein. To state a claim for malicious prosecution brought under § 1983, a plaintiff must satisfy each of the following elements: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted). "[A] plaintiff in a retaliatory-prosecution action [under § 1983] must plead and show the absence of probable cause for pressing the underlying criminal charges." *Hartman v. Moore*, 547 U.S. 250 (2006).

Cir. 2012); *see also Albright v. Oliver*, 510 U.S. 266, 274–75 (1994). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin School Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (citations and internal quotation marks omitted); *accord Revell v. Port Authority of New York, New Jersey*, 598 F.3d 128, 137 n. 16 (3d Cir. 2010). While "[t]he probable-cause standard is incapable of precise definition or quantification," *Maryland v. Pringle*, 540 U.S. 366, 371 (2003), "all interpretations of probable cause require a belief of guilt that is reasonable, as opposed to certain." *Wright v. City of Philadelphia*, 409 F.3d 595, 601–602 (3d Cir. 2005).

Plaintiff has sued Defendant Beckenstein for his role in obtaining the Freehold arrest warrant. An arrest warrant issued by a judge does not, in itself, shield an officer from liability for false arrest. *See Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997). "A plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)) (footnote omitted). An omission in the warrant application is made with reckless disregard for the truth when an officer withholds a fact that a reasonable person would have known was the kind of thing the judge would want to know. *Id.* at 788. An assertion is made with reckless disregard for the truth "when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had

6

obvious reasons to doubt the accuracy of the information he reported." *Id.* (internal quotations and citation omitted).

To generally assert a § 1983 retaliation claim, a plaintiff must show "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person or ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Favata v. Seidel*, 511 F. App'x 155, 158 (3d Cir. 2013) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)).

Plaintiff has failed to allege sufficient facts under *Iqbal* to allow these claims to proceed. Plaintiff has merely stated in a conclusory fashion that Defendant Beckenstein "filed and had a judge sign for [an] arrest that no probable cause existed" and that Beckenstein sought the warrant "[b]ecause of [Plaintiff's] speech, and likely [Plaintiff's] legal circumstances and [his] inherent traits." (Compl. at 4.). He further states that Beckenstein "filed the criminal complaint/warrant to effect [sic] another criminal case" involving Plaintiff and that that Beckenstein filed the criminal complaint "do [sic] to plaintiff [sic] intrinsic traits." (*Id.* at 9.) Plaintiff's allegations are at best vague and conclusory. With respect to the false arrest claim, Plaintiff has not alleged facts showing that Defendant Beckenstein (1) knowingly or recklessly made false statements or omissions in applying for the warrant and that (2) the false statements or omissions were material to the finding of probable cause. Plaintiff's retaliation claim also fails under *Iqbal* because he has not pleaded facts showing that he engaged in constitutionally protected conduct and that there is a causal link between the conduct and the retaliatory action. As such, these claims are dismissed without prejudice and Plaintiff may cure these deficiencies through an amended complaint.

### ii. The Unidentified Judge who signed the Warrant and the Honorable Nicole Sonnerblick, M.C.J. are Immune from Suit under Section 1983

Plaintiff has also sued both the unidentified judge who signed his arrest warrant and Judge Sonnenblick who set his bail in connection with criminal charges for which the warrant was issued. It is well settled, however, that judges are absolutely immunized from a civil rights suit for money damages arising from their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007) ("A judicial officer in the performance of his or her duties has absolute immunity from suit. A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 357 (citations omitted). Absolute immunity for judicial acts applies equally to municipal court judges. *See Figueroa v. Blackburn*, 208 F.3d 435 (3d Cir. 2000).

This judicial immunity specifically applies to judicial errors in issuing warrants, *see Johnson v. Provenzano*, No. 12-1253, 2014 WL 7011545, at *4 n.3 (D.N.J. Dec. 11, 2014), and rulings related to bail, *see, e.g.*, *Blackwell v. Middletown Borough Police Dept.*, No. 12-825, 2012 WL 4033671, at *4 (M.D. Pa. May 30, 2012) (citing *Pokrandt v. Shields*, 773 F.Supp. 758 (E.D.Pa.1991); *Fox v. Castle*, 771 F.Supp. 411 (M.D. Pa. 1977)). Thus even if the issuance of the warrant by the unnamed judge or the setting of bail by Judge Sonnenblick were later found to be in error, those rulings would not give rise to civil liability since judicial immunity applies to all judicial rulings, even those that are later determined to be mistaken. *See Gallas v. Supreme*

*Court of Pennsylvania.*, 211 F.3d 760, 769 (3d Cir. 2005).[3] Here the judge who signed the Freehold warrant was clearly acting in a judicial capacity. *See* New Jersey Court Rules 3:2-3, 3:3-1. Judge Sonnenblick also had the authority to set bail, *see* New Jersey Court Rule 3:26-2 (explaining circumstances under which Municipal Court Judge can set bail), and her decision to deny a 10% option to Plaintiff was likewise a judicial act. As such, Plaintiff's claims against the unidentified Judge that signed the Freehold warrant and Judge Sonnenblick are dismissed with prejudice on the basis of absolute judicial immunity.

## IV.    CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies in his false arrest and retaliation claims against Defendant Beckenstein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[4] The claims against the Honorable Nicole Sonnenblick, J.M.C. and against the judge who signed the Freehold warrant are dismissed with prejudice on the basis of judicial immunity. An appropriate order follows.

*s/Freda L. Wolfson*
Freda L. Wolfson
United States District Judge

---

[3] Although Plaintiff does not allege that either Judge acted for an improper purpose, such allegations would not defeat judicial immunity for judicial acts. Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. *See Forrester v. White*, 484 U.S. 219, 227 (1988).

[4] *Younger v. Harris*, 401 U.S. 37, 45 (1971), does not bar Plaintiff's federal claims as he is not seeking to enjoin his pending criminal proceeding. *Cf. Wallace v. Fegan*, 455 F. App'x 137, 140 (3d Cir. 2011).

Date: May 13, 2015